BETTS INDUSTRIES, INC., Appellant

v.

Raymond V. HEELAN, Jr. and Cairn L. Bishop, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 20, 2011.
Filed Dec. 12, 2011.

Richard A. Lanzillo, Erie, for appellant.

Joseph E. Altomare, Titusville, for appellee.

BEFORE: BOWES, DONOHUE, and FREEDBERG, JJ.

OPINION BY BOWES, J.:

Betts Industries, Inc., ("Betts") appeals from the trial court's decision to grant Raymond V. Heelan, Jr. and Cairn L. Bishop's ("Appellees") preliminary objection in the nature of a demurrer and to dismiss Betts's cause of action for wrongful use of civil proceedings. We reverse and remand for proceedings consistent with this opinion.

Betts manufactures products for the highway cargo tank industry. Appellees are president and vice president of Allegheny Valve and Coupling Inc. Allegheny Valve and Coupling Inc. previously comprised two separate entities, Allegheny Valve and Allegheny Coupling, which were formed by the same individual and subsequently merged. Betts and Allegheny Coupling and Allegheny Valve were engaged in a business relationship whereby the two Allegheny companies sold manufacturing products to Betts. Allegheny Coupling was a purchaser of industrial couplings and fittings and would resell those products. Similarly, its sister company, Allegheny Valve, marketed and resold valves. In 2006, Allegheny Coupling filed a federal cause of action against Betts asserting violations of the federal Lanham Trademark Act. The claims included allegations of federal trademark and trade

dress violations as well as state law violations for theft of product, unjust enrichment, misappropriation of trade secrets, and breach of confidential relationship. Allegheny eventually withdrew its federal trade dress claims.

Ultimately, the federal court granted Betts's motion for summary judgment relative to Allegheny's federal trademark claim, dismissing it with prejudice. However, the federal court declined to address the state issues. Instead, the federal court dismissed the state claims without prejudice. Accordingly, Allegheny filed a complaint in state court raising the state law causes of action. Betts responded by simultaneously filing a counterclaim for wrongful use of civil proceedings, commonly known as a Dragonetti Act violation, against the corporate entity, and a separate cause of action against Appellees pursuant to the Dragonetti Act. This separate action is the one at issue herein.

Appellees countered by filing a preliminary objection in the nature of a demurrer, arguing that the Dragonetti action was premature. The trial court, relying on *Robinson v. Robinson,* 362 Pa.Super. 568, 525 A.2d 367 (1987), held that the federal action was not terminated in favor of Betts because Allegheny had been permitted to file its state claims in state court. Betts timely appealed and raises the following issues for our consideration.

1. Whether the Trial Court erred in granting Defendant's demurrer and dismissing Plaintiff's action for wrongful use of civil proceedings pursuant to 42 Pa. Cons.Stat. § 8351.

2. Whether the Trial Court erred in holding that the lawsuit filed by Allegheny Coupling Company ("Allegheny") against Betts Industries, Inc. ("Betts") in the United States District Court for the Western District of Pennsylvania, at Docket No. 06–00076E, had not terminated in favor of Betts within the meaning of 42 Pa. Cons.Stat. § 8351(a)(2), where the District Court entered summary judgment on the merits in favor of Betts on all claims asserted by Allegheny within its federal subject matter jurisdiction and dismissed these claims with prejudice.

3. Whether the Trial Court erred in holding that the lawsuit commenced by Allegheny against Betts in the United States District Court for the Western District of Pennsylvania, at Docket No. 06–00076E, had not terminated in favor of Betts where the federal trademark and trade dress infringement claims that the District Court dismissed with prejudice were separate and distinct from the state law claims concerning which the District Court declined to exercise supplemental jurisdiction.

Betts' brief at 3.

Preliminarily, we note that although Betts sets forth three issues, they each pertain to the sole position of whether the trial court properly dismissed its Dragonetti action based on its finding that a proceeding had not yet terminated in favor of Betts. Hence, we address Betts's claims together.

 Our standard and scope of review for evaluating a trial court's grant of preliminary objections is well established. When an appeal arises from an order sustaining preliminary objections in the nature of a demurrer, which results in the dismissal of a complaint, the Superior Court's scope of review is plenary. *DeMary v. Latrobe Printing and Publishing Co.,* 762 A.2d 758, 761 (Pa.Super.2000) (*en banc*).

When reviewing an order granting preliminary objections in the nature of a demurrer, an appellate court applies

the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review.

*Id.* (emphasis removed). We need not consider the pleader's legal conclusions, unwarranted inferences from facts, opinions, or argumentative allegations. *Wiernik v. PHH U.S. Mortgage Corp.,* 736 A.2d 616, 619 (Pa.Super.1999), *appeal denied,* 561 Pa. 700, 751 A.2d 193 (2000).

The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *DeMary,* 762 A.2d at 761. Where affirmance of the trial court's order sustaining preliminary objections would result in the dismissal of an action, we may do so only when the case is clear and free from doubt. *Id.*

> To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. We review the trial court's decision for an abuse of discretion or an error of law.

*Id.* (citations and quotations omitted). A demurrer tests the sufficiency of challenged pleadings. *Composition Roofers Local 30/30B v. Katz,* 398 Pa.Super. 564, 581 A.2d 607, 609 (1990). Fact-based defenses, even those which might ultimately inure to the defendant's benefit, are thus irrelevant on demurrer. *Orner v. Mallick,* 515 Pa. 132, 135, 527 A.2d 521, 523 (1987).

In the context of reviewing preliminary objections in the nature of a demurrer, an abuse of discretion is not merely an error of judgment. *Ellenbogen v. PNC Bank, N.A.,* 731 A.2d 175, 181 n. 11 (Pa.Super.1999). Rather, the

trial court commits an "abuse of discretion" when its judgment is manifestly unreasonable, or when the law is not applied, or if the record shows that the decision resulted from partiality, prejudice, bias or ill will. *Id.*

*Werner v. Plater–Zyberk,* 799 A.2d 776, 782–783 (Pa.Super.2002).

■ The determinative question in the instant case revolves around an interpretation of Section 8351(a)(2) of the Dragonetti Act. Questions of statutory construction are questions of law; therefore, our review is *de novo. Cash America Net of Nevada, LLC v. Com., Dept. of Banking,* 607 Pa. 432, 8 A.3d 282, 289 (2010).

The pertinent statute provides:

**(a) Elements of action.**—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

**(b) Arrest or seizure of person or property not required.**—The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.

42 Pa.C.S. § 8351.

■ The final element of the action, that the proceedings have terminated in favor of the person against whom they are brought, is the question in controversy. Betts contends that the prior federal court action concluded and that Allegheny Cou-

pling did not succeed on any of its federal claims. Since the federal court only had federal jurisdiction over the case based on Allegheny Coupling's federal trademark and trade dress causes of action and conclusively held in favor of Betts on those issues, Betts maintains that a proceeding had terminated in its favor. In addition, Betts submits that Appellees' argument that their state claims are alternative theories of liability is irrelevant since the federal action was complete and was resolved in its favor. To summarize, because each claim set forth by Allegheny Coupling in federal court that came under the ambit of the federal court's jurisdiction was withdrawn or determined in favor of Betts, Betts argues that the federal proceeding terminated in its favor.

Betts also argues that the trial court's reliance on *Robinson* was improper. Betts reasons that *Robinson* "stands for the proposition that a proper Dragonetti Act claim need not be based upon a prior termination upon the merits, nothing more." Betts's brief at 15. Thus, Betts posits that the trial court erroneously relied on *Robinson* by holding that "where 'separate counts have been used to state alternative theories of recovery arising from the same conduct, the dismissal of one count does not prevent the plaintiff from proceeding to a determination of the underlying cause of action.'" Betts's brief at 15 quoting Trial Court Opinion, 1/7/11, at 3.[1] Lastly, Betts asserts that the *Robinson* decision is distinguishable and that the trial court ignored the factual differences between it and the present case. Betts points out that the plaintiff therein voluntarily terminated her federal suit without any adjudication of the issues and was permitted to reassert all of her tort claims in a state action. Here, the federal claims were resolved in favor of Betts and could not be re-raised in state court.

Appellees' position is straightforward. "While Betts prevailed in the federal trademark claim on summary judgment, none of the remaining claims have as yet been adjudicated and remain pending in the lower court." Appellees' brief at 5. According to Appellees, resolution of some claims does not mean that the entire proceedings have been determined, *i.e.*, "where separate counts have been asserted to state alternate remedies arising from the same transaction or occurrence, the mere dismissal of one of those counts during the course of the litigation does not terminate the proceedings in the defendant's favor[.]" Appellees' brief at 6. Furthermore, Appellees submit that if they

---

1. The *Robinson* Court in determining whether the order denying the appellant's petition to amend his complaint was final and appealable stated,

> Where the dismissal of one count or several counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing the merits of separate and distinct causes of action, the order sustaining preliminary objections is then final, not interlocutory, with respect to those causes of action dismissed. The plaintiff is 'out of court' with respect thereto. *Id. [Praisner v. Stocker*, 313 Pa.Super. 332] at 339, 459 A.2d [1255] at 1258–1259 [(1983)]. This is to be distinguished from the situation in which separate counts have been used to state alternate theories to support recovery

on the same cause of action. In such cases, the dismissal of one count does not prevent the plaintiff from proceeding to a determination of the underlying cause of action. *Id.* at 341, 459 A.2d at 1260.

*Robinson v. Robinson*, 362 Pa.Super. 568, 525 A.2d 367, 369 (1987). Appellees do not argue that the order herein is not final and appealable. Indeed, a proper reading of the above quoted reference indicates that the federal court order which precluded Appellees' corporation from pursuing its state law claims in federal court, because it dismissed the federal cause of action, was a final adjudication of the dismissed causes of action. Simply put, the federal court decision terminated the federal proceeding in favor of Appellant.

prevail on their state claims, it will be they who are the prevailing party and not Betts.

For the following reasons, we reverse. First, we agree with Betts that *Robinson* is readily distinguishable and that the trial court relied on that case erroneously. In *Robinson*, the appellee filed two separate actions against her ex-husband. She instituted one action in federal court charging her ex-husband with breach of fiduciary duty, breach of a settlement agreement, intentional infliction of emotional distress, rape, assault, burglary, theft, and fraud. The second case was filed in state court in New Jersey and sought to set aside a settlement agreement with her former husband. The federal court granted the appellees' own motion for nonsuit. The court did not decide any of the issues before it. The ex-husband then filed an action in Pennsylvania state court and included a Dragonetti claim based on his ex-wife's filing of the federal case. The trial court held that the Dragonetti claim was premature since the appellee could still raise all of her tort claims in state court.

The New Jersey settlement action concluded with the appellee having failed to raise the claims she initially sought relief for in federal court. The ex-husband then sought to amend his previous complaint by again asserting a Dragonetti claim. The trial court denied that request, holding that the proceeding did not terminate in his favor. This Court reversed. In doing so, we opined that the federal action did not terminate in favor of the former husband because the appellee was permitted to raise all of her claims in the contemporaneous New Jersey action. However, we held that by failing to pursue those claims in the New Jersey case, that proceeding had been terminated in the former husband's favor. Although we reported that the trial court had initially concluded that the ex-husband's Dragonetti claim was premature, the propriety of that conclusion was not before this Court.

Instantly, contrary to *Robinson*, all of the federal claims for which the federal court had jurisdiction over were withdrawn or disposed of by the federal court and the federal proceeding concluded. Hence, Betts could bring a Dragonetti claim against Appellees based on Appellees' actions in filing its federal claims. *See Werner, supra.* In *Werner*, this Court held that a prior action filed in federal court could serve as a basis for a Dragonetti action. Therein, the federal plaintiffs alleged that Werner and his associates violated the federal RICO statute and also set forth several pendent state claims. The district court dismissed the RICO count and dismissed the entire complaint because it lacked independent federal jurisdiction over the remaining state causes of action. Werner then brought suit in state court asserting a violation of the Dragonetti Act. The trial court dismissed the complaint. We reversed, holding that the term "civil proceedings" included the proceeding that occurred in the federal court. Although Appellees herein included state law claims in the federal court action and those issues were not resolved on the merits by the federal court, that does not result in the federal proceeding not having terminated in favor of Betts. Unlike *Robinson*, Appellees could not reinstitute their federal claims in state court. There is no dispute that Betts prevailed in federal court on each federal claim.

While Appellees' general statement that the dismissal of one count in a cause of action will not result in termination of the proceedings where alternate causes of action are alleged based on the same transaction or occurrence is accurate, it fails to appreciate that the federal court dismissed all of the claims over which it exercised federal jurisdiction. Therefore, it dis-

missed the federal trademark cause of action and terminated the federal proceeding in favor of Betts. Appellees' position that allowing Betts to proceed would have a chilling effect due to joinder requirements also misses the point that the state law claims were not required to be raised in federal court. Phrased another way, had Appellees not raised any state law claims in the federal action, they could obviously file those claims in state court as long as they were within the statute of limitations. In that situation, Betts would certainly not be barred from filing a Dragonetti claim based on the federal action.

We acknowledge that the Court in *Robinson* said, "for the purpose of applying the statute, the federal action did not terminate in appellant's favor because appellee was specifically allowed to raise the claims in the contemporaneous New Jersey action." *Robinson, supra* at 370. This discussion by the *Robinson* Court indicates only that when a federal court does not address purely state law causes of action due to a voluntary nonsuit, the federal proceeding is not resolved in one party's favor relative to the state law claims that can still be maintained. Nothing in the federal court's order or opinion suggests that Appellees can re-litigate the federal claims against Betts in state court, nor could it, since Appellees could not assert, let alone reassert, those federal claims in state court. Since the federal court dismissed each of the federal claims over which it had authority to exercise jurisdiction, the federal proceeding terminated in Appellant's favor. Accordingly, the trial court misapplied *Robinson, supra.*

Nonetheless, it appears that the salient facts and legal issues from the federal

trademark claim and the related state claims are sufficiently similar that it would be wasteful to litigate two separate Dragonetti actions if Betts were to prevail in state court.[2] Therefore, we find that in the interests of judicial economy and to avoid piecemeal litigation, the proper procedure in this matter is to stay this action until completion of the outstanding case involving the related state claims. *See e.g. PNC Bank v. Bluestream,* 14 A.3d 831 (Pa.Super.2010) (ordering stay of one proceeding in the interests of judicial economy).

Order reversed. Case remanded for issuance of stay. Motion to Strike dismissed as moot. Jurisdiction relinquished.

---

2. We note that even if Betts does not prevail on the state claims in the related case, it will not be automatically foreclosed from succeeding in this matter as the legal requirements for bringing federal trademark and trade dress infringement claims differ from the state issues. Simply put, one can bring entirely legitimate state causes of action without having legitimate grounds for a federal case based on the same facts.