J. A03040/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CYNTHIA KUKLIS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK NORTHWEST N.A., | : | |
| SUCCESSOR IN INTEREST TO | : | |
| WACHOVIA NATIONAL BANK, N.A. | : | |
| | : | No. 935 MDA 2014 |

Appeal from the Order Entered May 1, 2014
In the Court of Common Pleas of Schuylkill County
Civil Division No(s).: S-1631-13

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED APRIL 02, 2015**

Appellant/Plaintiff, Cynthia Kuklis, takes this counseled appeal from the order entered in the Schuylkill County Court of Common Pleas, which (1) sustained the objections of Appellee/Defendant, Wells Fargo Bank Northwest N.A., successor in interest to Wachovia National Bank, N.A., and (2) dismissed Appellant's complaint alleging misrepresentation under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[1]  The gist of Appellant's claim is that when her Chapter 7

---

[*] Former Justice specially assigned to the Superior Court.

[1] 73 P.S. §§ 201-1 to 201-9.3.

bankruptcy case discharged her personal liability under the instant mortgage, it also removed Appellee's lien on the property. We affirm.

Appellant filed the instant complaint on August 14, 2013. The trial court summarized the factual averments as follows:

> In the complaint, [Appellant] alleges that she was the owner of real property with the address of 49 Ash Street, Cressona, PA 17929. On July 29, 2005, [she] executed a mortgage on the property for $40,400 with Wachovia Bank and the mortgage was signed and recorded in the Recorder of Deeds[.]
>
> In 2009, [Appellant] filed [a Chapter 7] bankruptcy in the Bankruptcy Court for the Middle District of Pennsylvania. On April 16, 2009, Wachovia sought relief from the automatic stay for the purpose of foreclosing on and selling the real estate, which was granted by Order dated May 5, 2009. On September 9, 2009, [Appellant] obtained a total discharge of debts from the bankruptcy court. [Appellant] alleges that during the bankruptcy proceeding, she did not reaffirm the debt to Wachovia [and] that Wachovia did not commence the mortgage foreclosure proceedings during the bankruptcy proceedings.

Trial Ct. Op., 6/24/14, at 1-2.

Appellant's complaint further alleged the following. The September 9, 2009 bankruptcy discharge

> relieved [her] from any liability to the bank under the promissory note. In August 2010, Wachovia induced [Appellant] to enter into a short sale of the property in the amount of $28,500[,] acknowledging that [Appellant] would not be personally liable for any shortfall under the promissory note. [Appellant] alleges that Wachovia misrepresented that it had a valid lien on the real property which it used to induce her to enter the sale. [Appellant] alleges that, based on the misrepresentation, she sold the

real estate and tendered the proceeds of the sale to the bank.

*Id.* at 2. The complaint concluded that Appellee's actions violated the UTPCPL.

Appellee filed preliminary objections on March 25, 2014,[2] averring Appellant's complaint failed to state any claim under UTPCPL. Appellee maintained that pursuant to the Bankruptcy Code and ***Johnson v. Home State Bank***, 501 U.S. 78 (1991), "a bankruptcy discharge does **not** render a mortgage lien void." Appellee's Prelim. Obj., 3/25/14, at ¶ 23. Thus, Appellee averred, "any representation [to Appellant] that [it] had a valid and enforceable Mortgage lien against the Property during the short sale negotiations **was actually accurate** as a matter of established law and was not a misrepresentation." *Id.* at ¶ 26. Appellant filed an answer. On May 1, 2014, the court entered the underlying order granting Appellee's preliminary objections and dismissing Appellant's complaint. Appellant took this timely appeal. Her sole claim is that the trial court erred in finding she failed to plead misrepresentation and thus erred in dismissing her complaint.

For ease of disposition, we first consider the ***Johnson*** decision. The High Court summarized the underlying facts, adding some legal discussion,

---

[2] According to Appellee, "Appellant's counsel granted [it] an open-ended extension of time to file Preliminary Objections to the Complaint." Appellee's Prelim. Obj., 3/25/14, at 4 n.5.

as follows. The bank had instituted foreclosure proceedings against the petitioner when the

> petitioner filed for a liquidation under Chapter 7 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 727, the Bankruptcy Court discharged petitioner from personal liability on his promissory notes to the Bank. **Notwithstanding the discharge, the Bank's right to proceed against petitioner *in rem* survived the Chapter 7 liquidation.** After the Bankruptcy Court lifted the automatic stay protecting petitioner's estate, . . . the Bank reinitiated the foreclosure proceedings.[ ] Ultimately, the state court entered an *in rem* judgment of approximately $200,000 for the Bank.

*Johnson*, 501 U.S. at 80 (emphasis added).

Before the foreclosure sale occurred, the petitioner filed a Chapter 13 bankruptcy petition. *Id.* In his Chapter 13, he "listed the Bank's mortgage in the farm property as a claim against his estate and proposed" a repayment schedule. *Id.* at 81. "Over the Bank's objection, the Bankruptcy Court confirmed the Chapter 13 plan." *Id.*

The case proceeded to review before the High Court on the question of "whether a debtor can include a mortgage lien in a Chapter 13 bankruptcy reorganization plan once the personal obligation secured by the mortgaged property has been discharged in a Chapter 7 proceeding." *Id.* at 80, 81. In a unanimous decision, the Court stated:

> [W]e must first say more about the nature of the **mortgage interest that survives a Chapter 7 liquidation**. A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the

mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's *in personam* liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. However, such a discharge extinguishes **only** "the personal liability of the debtor." [T]he Code provides that a **creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.**

*Id.* at 82-83 (citations omitted) (some emphases added). In "concluding that a mortgage interest that survives the discharge of a debtor's personal liability" will be a claim in a subsequent Chapter 13 bankruptcy, the Court noted, "Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property." *Id.* at 84.

In the instant appeal, Appellant avers the following rationale. Pennsylvania "follow[s] the lien theory of mortgages," in which "the mortgage is but a pledge or security redeemable until foreclosure," "the debtor is primarily liable for the obligation and the mortgage is an accessory," and "[t]itle to the mortgaged property remains in the mortgagor." Appellant's Brief at 8. "Under the title theory of mortgages," on the other hand,[3]

the mortgagor is the owner of the property as against the world, save for the mortgagee, who as between the

---

[3] Appellant does not set forth any citation to legal authority in her discussion of the lien and title theories of mortgages. **See** Appellant's Brief at 7-8.

> mortgagor and mortgagee is the owner. Title to the property is conveyed to the mortgagee with a condition subsequent, that upon payment of the underlying debt, the mortgagee conveys title back to the mortgagor.

*Id.* Appellee asserts "the language" in ***Johnson*** is "clear:"

> In those twenty eight states in which the lien theory of mortgages is followed, the mortgagee may pursue its rights *in rem* after a Chapter 7 discharge, as the title holder of the property. [***Johnson***] did not establish a new theory of mortgage rights, [it] simply stated that the existing rights, as they may be, were unaffected by the Bankruptcy Court in those jurisdictions in which the lien theory of mortgages does **not** apply. Accordingly, [Appellee] may have no reliance upon [***Johnson***] to establish enforceable rights under the mortgage herein.

*Id.* at 8-9 (emphasis added).

Appellee then alleges the following. "Judicial foreclosure in Pennsylvania requires . . . the mortgagee [to] prove that it holds the note." *Id.* In the instant case, however, the note given by Appellant "was discharged by the United States Bankruptcy Court, and under federal law, may not be collected." *Id.* at 9-10. Appellant cites Section 3310 of the Pennsylvania Uniform Commercial Code[4] in stating "the discharge of the obligation under the promissory note discharges the entire obligation," and in this case, "[o]nce the obligation under the promissory note was extinguished . . . by way of [bankruptcy] discharge, the rights of the lienholder are simultaneously discharged." *Id.* at 10-11. Appellant further alleges that once "[t]he Bankruptcy Court discharge[ ] eliminated the

---

[4] 13 Pa.C.S. § 3310.

obligation," Appellee's "mortgage secured payments of nothing" and "became little more than a cloud on the title to [her] property," and Appellee "did not have enforceable rights under the mortgage." *Id.* at 11.

Appellant concludes that when Appellee "misrepresented to [her] that it had a valid and enforceable lien against [the] property by way of the mortgage, and induced [her] to sell the property by way of a short sale[, it] engaged in fraudulent and deceptive conduct which created a likelihood of confusion or of misunderstanding on [Appellant's] part" in violation of the UTPCPL. *Id.* Thus, Appellant argues, her complaint pleaded facts for which the law permits recovery. We find no relief is due.

We note the relevant standard of review:

> When an appeal arises from an order sustaining preliminary objections in the nature of a demurrer, which results in the dismissal of a complaint, the Superior Court's scope of review is plenary.
>
> > [We] appl[y] the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review.
>
> We need not consider the pleader's legal conclusions, unwarranted inferences from facts, opinions, or argumentative allegations.

*Betts Indus., Inc. v. Heelan*, 33 A.3d 1262, 1264-65 (Pa. Super. 2011) (citations omitted).

"A demurrer tests the sufficiency of challenged pleadings. Fact-based defenses, even those which might ultimately inure to the defendant's

benefit, are thus irrelevant on demurrer." ***Id.*** at 1265 (citation omitted).

> The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where affirmance of the trial court's order sustaining preliminary objections would result in the dismissal of an action, we may do so only when the case is clear and free from doubt.
>
>> To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. We review the trial court's decision for an abuse of discretion or an error of law.
>
> * * *
>
> In the context of reviewing preliminary objections in the nature of a demurrer, an abuse of discretion is not merely an error of judgment. Rather, the trial court commits an "abuse of discretion" when its judgment is manifestly unreasonable, or when the law is not applied, or if the record shows that the decision resulted from partiality, prejudice, bias or ill will.

***Id.*** (citations omitted).

In ***Pines v. Farrell***, 848 A.2d 94 (Pa. 2004), the Pennsylvania Supreme Court considered the lien and title theories of mortgages with respect to a statute pertaining to filing fees. ***Id.*** at 99-100. Specifically, the Court reviewed the propriety of the Court Administrator of Pennsylvania's interpretation of the term "property transfer," as set forth in a statute of the Judicial Code, to include mortgage assignments, mortgage releases, and

mortgager satisfactions.[5] *Id.* at 95. The Court cited "ample" Pennsylvania case authority supporting both theories. *Id.* at 99 ("[T]here is ample caselaw to support the position that mortgages are merely security interests for the payment of money, performance or other collateral[;]" "On the other hand, the title theory remains viable."). In resolving the question presented, however, the Supreme Court held:

> **[F]or purposes of determining whether mortgage assignments, mortgage satisfactions and mortgage releases are property transfers**, we begin with the premise that a mortgage conveys the property subject to the mortgage to the mortgagee until the obligations under the mortgage are fulfilled.[ ]
>
> ---
>
> [ ] As our conclusion regarding the treatment of a mortgage as a conveyance is limited to the recording acts and Section 3733(a.1)(1)(v), **it is unnecessary to address** the [intervenor's[6]] fear of **the adverse consequences of applying the title theory on mortgages in bankruptcy and foreclosure matters.**

*Id.* at 100 (emphases added).

---

[5] The statute at issue was 42 Pa.C.S. § 3733(a.1)(1)(v), which allows the recorders of deeds, clerks of court, and similar officials to collect an additional $10 "for each filing of a deed, mortgage or property transfer." *Pines*, 848 A.2d at 96. The Court Administrator promulgated financial regulations which, *inter alia*, defined the term to include mortgages. *Id.* The Chester County Recorder of Deeds filed a declaratory judgment action, averring the Court Administrator exceeded his authority and that it was "within the discretion of individual recorders of deeds to determine what the General Assembly meant by the term 'property transfer' and that the Administrator's definition [was] invalid." *Id.* at 97. The Supreme Court held the Court Administrator did not exceed his authority, and then considered the issue we set forth above. *Id.* at 98.

[6] The City of Philadelphia filed an intervenor brief in the *Pines* case. *Id.* at 99.

In the case *sub judice*, the gist of Appellant's argument is that Pennsylvania employs the lien theory of mortgages, but **Johnson** applies only in cases with a title theory of mortgages. Furthermore, the logical conclusion of Appellant's rationale, although she does not articulate it, is that a Chapter 7 discharge not only relieves a debtor from liability under a mortgage or property-secured promissory note, but also grants her the property free and clear of the mortgagee's lien on the property.

Our review of **Johnson** reveals no mention of the two theories or any discussion that could be interpreted as applying its holding to only one or the other theory. Instead, **Johnson** clearly stated the following. "Notwithstanding the discharge, the Bank's right to proceed against petitioner *in rem* survived the Chapter 7 liquidation." **Id.** at 80. A Chapter 7 "discharge extinguishes **only** 'the personal liability of the debtor" and "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." **Id.** at 83. "Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property." **Id.** at 84. Accordingly, we reject Appellant's interpretation of **Johnson** as applying only to jurisdictions operating under the title theory.

Furthermore, we have not discovered any Pennsylvania decisional authority supporting Appellant's rationale. Our Supreme Court cited multiple court decisions supporting the application of both the title and lien theory of

mortgages in Pennsylvania, and in **Pines**, specifically stated it was not addressing the application of the title theory in bankruptcy matters. **Pines**, 848 A.2d at 99-100 & n.7.

In light of the foregoing, we hold the trial court properly applied **Johnson** to find Appellant failed to state a claim upon which relief was due. Thus, we affirm the order granting Appellee's preliminary objections and dismissing Appellant's complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/2015