J-A05031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PENCOYD IRON WORKS, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEPHEN LEWIS JONES AND DAVID | : | No. 616 EDA 2023 |
| M. KOLLER, ESQ. & KOLLER LAW LLC | : | |

Appeal from the Orders Entered February 23, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  201102171

BEFORE:    DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                              **FILED MARCH 25, 2024**

Pencoyd Iron Works, Inc. ("Pencoyd") appeals from the orders granting the preliminary objections in the nature of a demurrer filed by Stephen Lewis Jones ("Jones") and David M. Koller, Esquire, and Koller Law LLC (collectively, "Koller"), and dismissing with prejudice Pencoyd's third amended complaint.[1] After careful review, we are constrained to reverse.

---

[1] Previously, Pencoyd appealed from the trial court's dismissal of its second amended complaint.  This Court observed, however, that just before the dismissal order was entered on the docket, Pencoyd filed a third amended complaint, rendering both the second amended complaint and the subsequent order dismissing it to be nullities. ***See Pencoyd Iron Works, Inc. v. Jones***, 290 A.3d 708 (Pa. Super. 2022) (unpublished memorandum).  Accordingly, this Court quashed the appeal, and remanded for the trial court to proceed on the basis of the third amended complaint and the preliminary objections filed thereto. ***See id.***

Pencoyd employed Jones as a plant manager from February 2016 to May 2017, when Pencoyd terminated his employment. Jones, represented by Koller, filed discrimination charges against Pencoyd with the United States Equal Employment Opportunity Commission ("EEOC"). In June 2018, the EEOC issued a dismissal and right-to-sue letter to Jones, advising it was unable to conclude any statutes were violated.[2]

In September 2018, Jones filed a federal lawsuit against Pencoyd in the Eastern District of Pennsylvania, asserting claims for age and disability discrimination in his employment termination. *See Jones v. Pencoyd Iron Works*, 2019 U.S. Dist. LEXIS 214799 (E.D.Pa. Dec. 13, 2019). Meanwhile, in September 2019, Jones filed a second discrimination charge against Pencoyd with the EEOC, which the EEOC similarly dismissed as unfounded.[3] Ultimately, the federal district court dismissed the age discrimination claims, and the remaining disability claims proceeded to a jury trial, at the conclusion of which the jury found against Jones and in favor of Pencoyd. Jones did not appeal from this verdict.

---

[2] Before initiating an employment discrimination lawsuit, "a plaintiff must exhaust [his] administrative remedies by filing a timely discrimination charge with the EEOC. The EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before [he] can initiate a private action." *Barzanty v. Verizon Pa., Inc.*, 361 F. Appx. 411, 413 (3d Cir. 2010) (*citing*, *inter alia*, 42 U.S.C. § 2000e-5(b), (e)(1), (f)(1)).

[3] The record does not indicate whether the EEOC issued a "right to sue" letter for this second charge.

In November 2020, Pencoyd commenced the instant litigation pursuant to the Dragonetti Act,[4] alleging wrongful use of civil proceedings. On May 5, 2021, Pencoyd filed a third amended complaint, raising claims of wrongful use of civil proceedings against Jones and Koller and claims based on agency and respondeat superior against Koller. With respect to Jones' termination, the third amended complaint acknowledged that Jones claimed he was experiencing "acute leg pain" and had presented a note from his family doctor which stated he could work "part-time modified work duty." Pencoyd's Third Amended Complaint, 5/5/21, at ¶ 16. Pencoyd claimed that it accommodated Jones' request to perform part-time modified work, but that neither the medical note nor Jones' age played any factor in his subsequent termination. *Id*. at ¶ 17. Instead, the complaint averred, Jones was terminated for performance and attendance deficiencies. *Id*. at ¶ 13.

The third amended complaint further alleged that Jones had a "pattern" of filing job-related injury claims, all of which resulted in settlements. *Id*. at ¶ 28. Pencoyd claimed that in 2010, Jones filed a disability discrimination claim against a prior employer, Aker Philadelphia Shipyard, Inc., which was ultimately settled. *Id*. at ¶ 29. Pencoyd averred Jones also filed two workers compensation claims — against Aker and another employer, Boeing — both of which were likewise settled out of court. *Id*. at ¶¶ 30-31. Finally, Pencoyd

---

[4] *See* 42 Pa.C.S.A. §§ 8351-8355.

asserted that Jones had been receiving social security disability benefits since 2008, and during nine of the fifteen months he was employed with Pencoyd. *Id*. at ¶ 32. However, the third amended complaint contended, Jones admitted in his deposition that he did not tell anyone at Pencoyd that he had a disability, nor that he was receiving these benefits. *Id*. at ¶¶ 33-34.

Finally, Pencoyd's third amended complaint alleged that Jones initiated the federal discrimination action "as a nuisance suit" and for improper purposes — to extract a financial settlement and to "induce Pencoyd to pay a sum of money to avoid the notoriety of a public trial" — and he knew his claim was false, not meritorious, and not supported by evidence. *Id*. at ¶¶ 54, 55. With respect to Koller, Pencoyd averred they "lacked any factual support to reasonably believe in the veracity of [his] client," and therefore acted in a grossly negligent manner, and lacked a proper purpose in bringing the prior suit. *See id*. at ¶¶ 66-68 (emphasis omitted).

Jones and Koller each filed preliminary objections in the nature of a demurrer, challenging the legal sufficiency of the third amended complaint. Pencoyd filed answers to both sets of demurrers.[5] On February 23, 2023, the trial court entered orders, sustaining Jones' and Koller's demurrers and

---

[5] As noted above, Pencoyd purported to appeal from the dismissal of its **second** amended complaint; however, this Court quashed the appeal and remanded for the trial court to proceed on the **third** amended complaint, as well as both defendants' pending preliminary objections thereto. Pencoyd filed responses to the preliminary objections following remand of the record.

dismissing with prejudice Pencoyd's third amended complaint. Pencoyd filed a timely notice of appeal.[6]

Pencoyd presents the following issue for our review: "When ruling upon [Jones' and Koller's] preliminary objections to a complaint for wrongful use of civil proceedings, did the trial court erroneously issue improper findings of fact and conclusions of law that contradicted well-pled allegations[,] and dismiss the action with prejudice and without leave to amend?" Pencoyd's Brief at 5.

We first consider the relevant scope and standard of review:

> When an appeal arises from an order sustaining preliminary objections in the nature of a demurrer, which results in the dismissal of a complaint, the Superior Court's scope of review is plenary.
>
> > [We apply] the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review.

***Betts Indus. v. Heelan***, 33 A.3d 1262, 1264-65 (Pa. Super. 2011) (citations omitted). "This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." ***Hill v. Ofalt***, 85 A.3d 540, 547-48 (Pa. Super. 2014) (citations omitted). "[A]n abuse of discretion is not merely an error of judgment. Rather, the trial court commits an "abuse of discretion" when its judgment is

---

[6] The trial court did not direct Pencoyd to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Nevertheless, the court has issued a Rule 1925(a) opinion.

manifestly unreasonable, or when the law is not applied, or if the record shows that the decision resulted from partiality, prejudice, bias or ill will." ***Betts Indus.***, 33 A.3d at 1265 (citations omitted).

"A demurrer tests the sufficiency of challenged pleadings." ***Id***. at 1265. This Court has explained:

> A preliminary objection in the nature of a demurrer is properly [sustained] where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. ***All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.***
>
> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. . . .
>
> When sustaining the [preliminary objections] will result in the denial of claim or a dismissal of suit, [the preliminary objections may be sustained] only where the case [is] free and clear of doubt.

***Hill***, 85 A.3d at 547-48 (emphasis and paragraph break added, citations omitted). "A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences." ***Mercer v. Newell***, 254 A.3d 755, 758 (Pa. Super. 2021) (citation omitted).

In order to establish a Dragonetti Act claim for wrongful use of civil proceedings claim, the plaintiff must establish:

**(a) Elements of action. —** A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [when]:

(1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a). The plaintiff in a Dragonetti Act claim bears the burden of proving that the defendant did not have probable cause for his prior action. *See* 42 Pa.C.S.A. § 8354(3).

Conversely, a person has probable cause to initiate or continue civil proceedings:

if he reasonably believes in the existence of the facts upon which the claim is based, *and* either:

(1) reasonably believes that under those facts the claim may be valid under the existing or developing law;

(2) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

(3) believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

42 Pa.C.S. § 8352 (emphasis added).

Pencoyd contends the trial court failed to apply the proper analysis for a demurrer, and thus erred in sustaining Jones' and Koller's preliminary

- 7 -

objections and dismissing its third amended complaint. First, Pencoyd argues, the court failed to deem as admitted the allegations pleaded in its complaint — namely, that both Jones and Koller reasonably knew or should have known the federal discrimination lawsuit had no merit. Indeed, Pencoyd maintains, the trial court not only rejected these allegations, but engaged in prohibited fact finding when the court concluded that Jones presented a credible doctor's note, Koller relied in good faith on Jones' statements, and both Jones and Koller believed the discrimination claims were valid under existing law.

Furthermore, Pencoyd disputes the trial court's reasoning that Pencoyd relied exclusively on the EEOC's dismissal of Jones' claim, and thus the third amended complaint failed to plead sufficient facts to establish the cause of action. Instead, Pencoyd points out, its complaint alleged "myriad other facts" overlooked by the trial court, including: Jones' nondisclosure, at any time during his employment, of his disability or the fact he was receiving disability benefits; his "pattern of suing employers for discrimination;" and "[t]he fact" that Pencoyd terminated him for performance and attendance issues," and not any age or disability-related reason. *See* Pencoyd's Brief at 33-34.

After careful review of the record and the trial court's opinion, we are constrained to conclude that the trial court applied an improper legal analysis when ruling on the demurrers. As stated above, to establish a Dragonetti Act claim, the plaintiff must show: (1) the defendant generally "act[ed] in a grossly negligent manner or without probable cause;" and (2) the prior

- 8 -

proceedings terminated in the plaintiff's favor. ***See*** 42 Pa.C.S.A. § 8351(a). Here, the parties agreed as to the second prong — that the prior federal lawsuit and jury trial ended in Pencoyd's favor. ***See id***.; ***see also*** Trial Court Opinion, 9/8/23, at 6. Thus, the only matter for the trial court to decide was whether Jones and Koller acted in a grossly negligent manner or without probable cause.

We reiterate that, in considering Jones' and Koller's demurrers, the trial court was required to: (1) admit as true all the material facts pleaded in the third amended complaint and grant all inferences reasonably deducible therefrom; and then (2) determine whether the complaint was legally sufficient. ***See*** 42 Pa.C.S.A. § 8351(a)(1); ***see also Hill***, 85 A.3d at 547. Indeed, for purposes of filing their demurrers, Jones and Koller admitted all relevant facts sufficiently pleaded by Pencoyd, and all inferences fairly deducible therefrom. ***See Mercer***, 254 A.3d at 758. Thus, a proper demurrer analysis would have accepted Pencoyd's allegations that, *inter alia*, Jones previously filed discrimination and workers compensation claims against two other employers which resulted in settlements; Pencoyd was only aware that Jones had leg pain and a doctor's note requesting part time modified work, and was never informed by Jones that he had a disability; and Jones' termination was based on attendance and performance issues, not his age or any disability. ***See Hill***, 85 A.3d at 547.

In reviewing the defendants' demurrers, however, the trial court did not admit as true the factual allegations pleaded in Pencoyd's third amended complaint. *See id*. at 547. First, the trial court's opinion made no mention of the allegations that Jones previously brought discrimination and workers compensation claims against two other employers, nor that these claims were all settled out of court. Additionally, the trial court rejected Pencoyd's averments on the merits, and determined Pencoyd failed to show Jones and Koller lacked probable cause or acted in a grossly negligent manner when they initiated the federal discrimination suit. The court reasoned:

> [Jones and Koller] reasonably believed that the claims were valid under existing law. Mr. Jones identified a medical condition by submitting a [May 10, 2017,] note from his family doctor[, which stated he] was able to work part-time modified work duty. Shortly thereafter, Mr. Jones was terminated from Pencoyd on May 30, 2017. Mr. Jones filed discrimination claims with the EEOC which were dismissed, and the dismissal triggered his right to sue.
>
> [Pencoyd] has provided no evidence as to how [Koller] acted in bad faith. [Koller] relied in good faith upon the statement of facts made by Mr. Jones and ultimately litigated some of the claims during [the federal] jury trial.
>
> * * * *
>
> . . . [Jones and Koller] followed the standard course of action by first filing EEOC claims, then waiting for dismissal letters before finally initiating a discrimination suit. Neither Defendant failed to exercise care that even a careless person would exercise. [Koller] relied on statements and facts averred to [him] by [his] client. Mr. Jones . . . based his claims on his dismissal from his position shortly after submitting a doctor's note that indicated he needed part time modified work. Therefore, [Pencoyd] cannot make a valid claim of gross negligence against [Jones and Koller].

Trial Court Opinion, 9/8/23, at 7, 8 (paragraph break added, footnote omitted).

We conclude that in ruling on the demurrers, the trial court improperly weighed the merits of Pencoyd's factual allegations, and made findings of fact that were contrary to the allegations pleaded in the third amended complaint. *See* Trial Court Opinion, 9/8/23, at 7; *see also Hill*, 85 A.3d at 547-48. Specifically, the trial court concluded that Koller relied in good faith upon Jones' statements, and Jones and Koller reasonably believed the discrimination claims were valid under existing law. Furthermore, the trial court impermissibly ruled, in the absence of any evidentiary record, on the ultimate issues in this matter — namely, Jones' and Koller's intent or state of mind in litigating the federal lawsuit. *See* Trial Court Opinion, 9/8/23, at 7-8. This analysis is inconsistent with a proper demurrer review. *See Hill*, 85 A.3d at 547-48.

Additionally, the trial court erred in requiring Pencoyd to have presented "evidence" in support of its claims. *See* Trial Court Opinion, 9/8/23, at 7 (stating, "[Pencoyd] has provided no evidence as to how [Koller] acted in bad faith"), 8 (stating, "[Pencoyd] has not presented actual evidence that [Koller] filed suit with the intent to harass or injure [it]"). Review of a preliminary objection in the nature of a demurrer includes no such evidentiary analysis. *See Hill*, 85 A.3d at 547 (holding that "[n]o testimony or other evidence

outside of the complaint may be considered to dispose of the legal issues presented by the demurrer").[7]

For the foregoing reasons, we conclude that the trial court misapplied the law and thus abused its discretion in sustaining Jones' and Koller's preliminary objections in the nature of a demurrer and dismissing with prejudice Pencoyd's third amended complaint. Accordingly, we reverse the orders which sustained the preliminary objections and dismissed with prejudice Pencoyd's third amended complaint.

Orders reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/25/2024

---

[7] While the trial court cited **Behar v. Frazier**, 724 A.2d 943 (Pa. Super. 1999), for the proposition that a "[p]laintiff must have actual evidence that the attorney filed suit with the intent to harass or injure[,]" **Behar** addressed the plaintiff's burden of proof at **trial**, rather than a trial court's proper review of a demurrer. **See Behar**, 724 A.2d at 946; **see also** Trial Court Opinion, 9/8/23, at 8 n.12. **Behar** made no mention of a demurrer or preliminary objections, and thus its discussion is not relevant to the particular procedural posture presented in this case.